829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frankie MCCOY, Plaintiff-Appellee,
v.
D. CREST, Officer, Defendant-Appellant,
Ms. Supple, Assistant Warden; Major Thompson; Sergeant
Peguese Defendants.
 No. 86-7730
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1987.
Decided August 26, 1987.
 
 Stephanie Judith Lane-Weber, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), for appellant.
 Barry Nakell, The University of North Carolina for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and HAMILTON, United States District Judge for the District of South Carolina, Sitting by Designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 At issue in this 42 U.S.C. Sec. 1983 action is whether a correctional officer's failure to include exculpatory information in a notice of infraction, charging an inmate with violation of institutional rules, rises to the level of a constitutional deprivation. The United States Magistrate below held that such conduct was actionable under Sec. 1983 and we reverse.
 
 
 2
 * On November 2, 1984, plaintiff Frankie McCoy, an inmate incarcerated at the Maryland Penitentiary, received a Notice of Infraction or Incident from Correctional Officer David Crest for possession of contraband marijuana and money. The Notice of Infraction stated:
 
 
 3
 Sir, on the above date at approximately 12:15, I Officer D. Crest shookdown inmate Frank McCoy. I found in his possession 3 packs of suspected marijuana and 30 dollars. Said contraband was found in an inside jacket pocket. The suspected marijuana was tested and proved to be marijuana. The money 1-$10.00 bill # E20129025B and 1-$20 bill # D44997845A and the marijuana were turned over to the contraband control officer.
 
 
 4
 According to McCoy, another inmate came to his cell door on November 2, 1984, and threw tissues into his cell containing the money and marijuana. McCoy claims that he brought the matter to the attention of Officer Crest and showed him the contraband. McCoy alleges that he insisted upon seeing the desk sergeant who referred him to Captain Middleton. Middleton talked to McCoy about the incident and then directed that Officer Crest write the above Notice of Infraction because of the contraband found in McCoy's possession.
 
 
 5
 McCoy was then subjected to a strip search and placed in segregation pending an investigation of the matter. An adjustment hearing was held on November 7, 1984, at which McCoy called Officer Crest to testify on his behalf. Officer Crest testified that he was approached by McCoy, that McCoy stated that contraband had come into his possession and he wanted to give the contraband to Officer Crest. The hearing officer reduced the Infraction to an Incident Report, and found that had the notice reflected all of the information in the case there would have been no need for a hearing and that such a 'situation makes it undesirable for inmates to report such matters'. The hearing officer's report recommending that McCoy be removed from segregation was then forwarded to the Warden who reviewed and approved the finding and recommendation of the hearing officer on November 16, 1984.
 
 
 6
 On August 6, 1985, McCoy filed a pro se complaint in the United States District Court for the District of Maryland pursuant to 42 U.S.C. Sec. 1983, alleging that he was wrongfully charged with a disciplinary infraction. The original defendants were the Assistant Warden Schupple, Major Thompson and Sergeant Peguese. On May 19, 1986 the case was referred by consent to the United States Magistrate for further proceedings and final disposition. McCoy then amended his complaint by adding Officer Crest as a defendant and alleging that Officer Crest had falsified the Notice of Infraction thereby causing him to be illegally arrested and confined. The case was tried on September 29, 1986 without a jury. On October 1, 1986, the United States Magistrate issued a judgment in favor of McCoy against Officer Crest in the amount of $250. The Magistrate found:
 
 
 7
 It is equally clear that Officer Crest's writing of the Infraction report in the manner in which he wrote it did violate the plaintiff's right to due process. As a result of that violation, the plaintiff was forced to under go a strip search in the 'hole' before being placed on the segregation unit and was confined in the segregation unit with the attendant loss of privileges for approximately two weeks.
 
 
 8
 The other named defendants were found not to have violated plaintiff's rights. Officer Crest appealed.
 
 II
 
 9
 From the above quoted language it is clear that the only constitutional violation the magistrate found was Officer Crest's failure to include the exculpatory circumstances surrounding McCoy's possession of the contraband in the Notice of Infraction. The magistrate did not find such failure to be reckless, willful or malicious. McCoy's subsequent segregation was, under the magistrate's finding, the injury which flowed from the violation. The magistrate did not hold that the segregation itself violated McCoy's constitutional rights. Thus, the issue is whether Officer Crest's failure to include the exculpatory information in the Notice of Infraction violated McCoy's constitutional right to due process.
 
 
 10
 The first inquiry in a Sec. 1983 suit is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States. We begin by recognizing that due process is flexible, requiring such procedural protections as the situation demands. Morrissey v. Brewer, 408 U.S. 471 (1972). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights protected in such prosecution do not apply. In institutional disciplinary proceedings an inmate must receive advance written notice of the charge against him, a hearing at which he has the right to call witnesses and produce documents, and a written statement prepared by the fact finders as to the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 11
 In the case at bar, McCoy was given advance written notice of the charge against him. He had adequate time to prepare his defense. At the adjustment hearing, McCoy was allowed to call Officer Crest as a witness and question him. Because of the testimony given by Officer Crest, the charges against McCoy were dropped. McCoy received the process which is due under Wolff. The statement contained in the Notice of Infraction was true, although it was incomplete. The notice resulted in a hearing which comported with due process. The writing of the notice, which omitted the exculpatory information, was not found to have done recklessly, willfully or maliciously. This omission, while it might support a state cause of action, does not support a finding of a constitutional deprivation. The magistrate found that the manner in which Crest wrote his report violated McCoy's right to due process, but the record is clear that McCoy received all the process mandated by Wolff.
 
 
 12
 The present case is similar to Baker v. McCollan, 443, U.S. 137 (1979) in which the plaintiff was arrested and detained in jail for several days. The warrant directed the arrest of the plaintiff, but it should have named his brother. The confusion resulted because the brother had obtained a duplicate of plaintiff's driver's license and used it for identification purposes. The plaintiff brought a Sec. 1983 action claiming that despite his complaints of mistaken identity, he was held for three days. The court held that the arrest warrant was facially valid and that plaintiff's detention thereunder did not give rise to a constitution claim. The court observed that plaintiff may have a state tort claim for false imprisonment, but his remedy for such was in the state court. In our case McCoy may have a claim against Crest for malicious prosecution, or a similar tort, but he does not have a claim under the Constitution and laws of the United States resulting from the facts Crest omitted from the Notice of Infraction. The notice was valid on its face and charged a violation of the rules of the institution and McCoy received due process in the hearing that followed.
 
 
 13
 REVERSED.